JOSHUA DAGGETT *versus* INHABITANTS OF CUSHING.

A person drafted, to serve in the military service " one year, or during the war," who entered and served until regularly discharged, is not within the fair meaning of a vote offering a bounty to men drafted " to serve two years."

ON FACTS AGREED.

ASSUMPSIT, to recover a bounty voted by the defendants. The case is stated in the opinion.

*A. P. Gould,* for the plaintiff, contended that the gist of the vote was to pay volunteers or drafted men, who should be accepted upon the quota of the defendants, under the

Daggett *v.* Inhabitants of Cushing.

call of the President. The time was fixed by U. S. statute and the call. The purpose of the vote was to fill the quota under the call. The draft fixed the time of service. The time of service answered the purpose.

Counsel cited Laws of 1864, c. 226; Laws of 1865, c. 298; Laws of 1866, c. 59, § 1; Laws of 1869, c. 56; Opinion of Judges, 52 Maine, 595; *Ferrin* v. *Portland*, 53 Maine, 458; *Barbour* v. *Camden*, 51 Maine, 608; *Thompson* v. *Bridgeton*, 54 Maine, 368; *Winchester* v. *Corinna*, 55 Maine, 9; *Hart* v. *Holden*, 55 Maine, 572.

*E. Wilson*, for the defendants.

APPLETON, C. J. — On July 18, 1864, the President of the United States issued his proclamation, calling for five hundred thousand volunteers for the military service of the United States, and ordering "a draft for troops to serve for one year" in case the amount called for should not be obtained by Sept. 5, 1864. 14 U. S. Stat., 747.

The required number of soldiers not being had, the President of the United States, on Dec. 19, 1864, issued a proclamation calling "for three hundred thousand volunteers to serve for one, two, or three years," and ordering a draft to be made if the troops called for should not be forthcoming before Feb. 15, 1865. 14 U. S. Stat., 750.

In response to this call, the defendants, at a meeting regularly called, "voted to raise the sum of four hundred dollars to each volunteer or drafted man, to fill our town quota, under the last call of the President for 300,000 men. The men to serve two years."

The plaintiff, on 23d March, 1865, was drafted upon the defendants' quota, "to serve one year or during the war." He entered the service of the United States and remained therein until the 10th May, 1865, when he was regularly discharged therefrom.

By the Act of Congress, passed July, 1864, the President of the United States was authorized to issue his proclamation calling for volunteers, for "one, two or three years, for

military service." His proclamation, issued Dec. 19, 1864, was in conformity with the Act of Congress and called for volunteers " for one, two or three years."

The defendant town was under no legal obligation to offer bounties. It might refuse to give any. It might offer bounties only to those volunteering for three years, if it should so determine. In such case, those volunteering for two years would not be entitled to the bounty. It did offer a bounty to volunteers and drafted men " to serve two years." A volunteer for one year most assuredly is not within such a vote of the defendant town and cannot claim its bounty. Neither is a volunteer during the war, for the war might end in less than a year, as it did, within the vote of the defendant town.

But if a volunteer for a year or during the war could not claim the bounty, neither could a drafted soldier. The rule must be one and the same for all. The plaintiff did not serve two years. He was not drafted for two years. He is not in a situation to claim the bounty offered, for his case is not within the fair and obvious meaning of the vote.

The difficulty here is not so much that the soldier did not serve two years, as that he did not contract and was not drafted to serve for that term.

*Judgment for the defendants.*

KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.